UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES S. NASH,
    Plaintiff,

vs

GEORGETOWN POLICE
DEPARTMENT, et al.,
    Defendants.

Case No. 1:13-cv-741

Weber, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, a resident of Mt. Orab, Ohio, brings this action pro se pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis

when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action against the Georgetown Police Department and the Brown County Jail. Plaintiff alleges that on November 1, 2011 at approximately 1 a.m., he blacked out after smoking synthetic marijuana. (Doc. 1, Complaint p. 3). While under the influence, plaintiff indicates that he began "screaming and throwing things around." *Id.* He states that his neighbors called the police in response to the noise. Plaintiff further indicates that witnesses observed him skip up to the officer responding to the neighbor's

2

call, Officer Gifford, and ask him if he wanted to "get high." In response, plaintiff alleges that Gifford tased him between seven and ten times before getting on top of him in an effort to handcuff him. According to plaintiff, Officer Gifford was extremely rough with him despite plaintiff's pleas for Gifford to stop hurting him. Plaintiff alleges that he sustained a broken arm and that he was tased an additional time after he was handcuffed. Plaintiff claims that he requested medical attention from Officer Gifford, paramedics on the scene, and Brown County Jail employees, but that he was ultimately denied medical treatment until 2 p.m. on November 2, 2011, when he was taken to the hospital. *Id.* at 4.

Based on the above facts, plaintiff brings claims of excessive force and denial of medical treatment against defendants. For relief plaintiff seeks payment for pain, suffering and mental distress; for Officer Gifford to be relieved of his duty as a Georgetown Police Officer; for the Brown County Jail to be investigated for violating inmate rights; and payment of five million dollars. *Id.* at 6.

Plaintiff's complaint must be dismissed. Plaintiff has not stated an actionable claim for relief against defendants Georgetown Police Department and Brown County Jail because they are not legal entities that are capable of being sued. *See, e.g., Watson v. Gill,* 40 F. App'x 88, 89 (6th Cir. 2002) (in affirming the dismissal of a complaint on screening for failure to state an actionable claim under § 1983, the Sixth Circuit held that the county jail was a "department of the county" and "not a legal entity susceptible to suit"); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (a "Police Department is not an entity which may be sued"); *Hawk v. Richland Cnty. Jail,* No. 1:12-cv-326, 2012 WL 2742550, at * 3 (and cases cited therein) ("Neither the County Jail nor the . . . County Sheriff's Department is a legal entity capable of being sued for purposes of § 1983.");

3

*Coffey v. Miami Cnty. Jail,* No. 3:05-cv-383, 2007 WL 316262, at * 1, *2 (S.D. Ohio Jan. 29, 2007) (holding that the plaintiff had failed to state a claim for relief against the county jail because the jail was "neither a 'person' under § 1983 nor an entity capable of being sued under § 1983"); *see also DiBiase v. Lake Cnty. Detention Facility*, No. 1:12-cv-944, 2012 WL 3061448, at *2 (N.D. Ohio July 26, 2012) (and cases cited therein); *Barnes v. Cuyahoga Cnty. Jail,* No. 1:09-cv-2671, 2010 WL 148136, at * 1 (N.D. Ohio Jan. 12, 2010) (and cases cited therein). *Cf. Elkins v. Summit Cnty., Ohio,* No. 5:06-cv-3004, 2008 WL 622038, at *6 (N.D. Ohio Mar. 5, 2008) (in dismissing claims against the municipal police department, the court pointed out that "[a]dministrative units of a local government, such as a municipal police department, are not *sui juris* because they lack the power to sue, and cannot be sued absent positive statutory authority," which has not been granted in Ohio). Therefore, plaintiff has failed to state a claim upon which relief may be granted and the complaint should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** on the ground that the complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 11/18/13

Karen L. Litkovitz
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES S. NASH,
    Plaintiff,

vs

GEORGETOWN POLICE
DEPARTMENT, et al.,
    Defendants.

Case No. 1:13-cv-741

Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).