UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES M. NASH,
        Plaintiff

v.                                           Case No. 1:13-cv-741-HJW

GEORGETOWN POLICE DEPT., et al,
        Defendants

### ORDER

Pending is the Magistrate Judge's Report and Recommendation (doc. no. 4), which recommends that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff has sued parties that are not legal entities capable of being sued. The pro se plaintiff has filed objections (doc. no. 6). Having fully considered the record, including the pleadings, Report and Recommendation, and plaintiff's objections, the Court will <u>modify</u> the Report and Recommendation and <u>grant leave to amend</u> the complaint, for the following reasons:

It is well-settled that a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 21 (1972); <u>Jourdan v. Jabe</u>, 951 F.2d 108, 110 (6th Cir. 1991). A short and plain statement of the facts is all that is necessary. <u>Erickson</u>, 127 S. Ct. at 2200; <u>Jones v. Bock</u>, 549 U.S. 199, 212 (2007). The complaint should give the defendant fair

1

notice of what the plaintiff's claim is and the grounds upon which it rests. <u>Gazette v. City of Pontiac</u>, 41 F.3d 1061, 1064 (6th Cir. 1994).

Here, as the Magistrate Judge observed, the pro se plaintiff has alleged § 1983 claims of excessive force for injuries suffered during his arrest and for deliberate indifference to serious medical needs while detained in custody. Plaintiff, who was admittedly high on synthetic marijuana and behaving erratically (i.e., "screaming and throwing things around"), alleges that he was repeatedly "tazed," even while hand-cuffed and that his arm was broken during officers' efforts to arrest him. He alleges that while detained in the Brown County Jail, he was denied medical treatment for his broken arm for approximately 34 hours, despite advising jailers of his injury.

The Magistrate Judge recommends dismissing the case for failure to state a claim because plaintiff has sued legal entities not amenable to suit, i.e., he has sued the Georgetown Police Department and Brown County Jail, rather than Brown County or other defendants). In other words, the pro se plaintiff has adequately stated the factual basis for cognizable claims, but has not sued the correct parties. Courts have a limited and neutral role in the adversarial process and should avoid constructing a party's argument or making a party's case. <u>Clark v. Nat'l Travelers Life Ins. Co.</u>, 518 F.2d 1167, 1169 (6th Cir. 1975); <u>Vaughan v. King</u>, 167 F.3d 347, 354 (7th Cir. 1999) ("It is not the responsibility of this court to make arguments for the parties."). Nonetheless, the Civil Rules mandate that "[a]ll pleadings shall be so construed as to do substantial justice." Fed.R.Civ.P.8(f)l; see also, <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

**Given that the pro se plaintiff has alleged factually coherent claims, the Court will not dismiss the complaint at this time, and instead, will give plaintiff the opportunity to amend his complaint in order to name the correct defendants. See Fed.R.Civ.P. 15(a)(2).**

**Accordingly, the Magistrate Judge's "Report and Recommendation" (doc. no. 4) is MODIFIED; plaintiff is granted leave until April 26, 2014 to amend his complaint in order to name the proper defendants; if plaintiff does not so amend his complaint, then the complaint shall be dismissed with prejudice.**

**IT IS SO ORDERED.**

**s/Herman J. Weber**

**Herman J. Weber, Senior Judge**

**United States District Court**