UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES S. NASH,
     Plaintiff,

vs.

BROWN COUNTY, OHIO,
     Defendant.

Case No. 1:13-cv-741

Weber, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983

against defendant Brown County, Ohio ("Brown County"). The matter is before the Court on

defendant's motion to dismiss plaintiff's amended complaint (Doc. 17), plaintiff's response in

opposition to the motion to dismiss (Doc. 25), and defendant's reply memorandum in support of

the motion to dismiss (Doc. 26).

**I. Introduction**

Plaintiff originally filed this civil rights action alleging claims of excessive force and

denial of medical care against two defendants, the Georgetown Police Department and the

Brown County Jail. (Doc. 3). After granting plaintiff leave to proceed *in forma pauperis*, the

undersigned determined on *sua sponte* review of the complaint that plaintiff had failed to state a

claim for relief under 42 U.S.C. § 1983 because the defendants named in the original complaint

were not legal entities capable of being sued. (Doc. 4, Report and Recommendation). The

district judge determined on review of the Report and Recommendation that although plaintiff

had not sued the correct parties, he should have the opportunity to amend the complaint to name

the correct defendants. (Doc. 7).

Plaintiff filed an amended pro se complaint on April 21, 2014. (Doc. 10). The amended complaint repeats the factual allegations made in the original complaint but names "Brown County Ohio" as the sole defendant.[1] (*Id*.). Defendant moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) on two grounds. (Doc. 17). First, defendant argues that the amended complaint fails to name as a defendant a party that is amenable to suit. (*Id*. at 3). Brown County contends that the amended complaint names the "Municipality of Brown County" as the defendant, and there is no such legal entity. Second, defendant alleges that even assuming plaintiff properly named Brown County as the defendant, the amended complaint must be dismissed because plaintiff has not identified a county policy, practice or custom which led to the alleged deprivation of his constitutional rights. (*Id*. at 4-5).

In response, plaintiff states that he named "Brown County Ohio" as the defendant in the amended complaint. (Doc. 25). Plaintiff also makes certain allegations pertaining to policy, practice and custom.

## II. Standard of review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the complaint need not contain "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court explained in *Iqbal*: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks, citations, and alterations omitted). "[A]

---

[1] The relevant factual allegations are summarized in the Report and Recommendation dated November 18, 2013, and will not be repeated here. (Doc. 4).

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Twombly*, 550 U.S. at 570. A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. When construing the complaint of an individual proceeding pro se, the Court must bear in mind that pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *Montgomery v. Huntington Bank,* 346 F.3d 693, 697 (6th Cir. 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III. The motion to dismiss should be granted.

The amended complaint should not be dismissed based on plaintiff's failure to name a legal entity capable of being sued. Defendant correctly notes that plaintiff referred to Brown County as "the Municipality of Brown County Ohio" on the third page of the amended complaint. (Doc. 17 at 3, citing Doc. 10 at 3). However, defendant ignores the fact that plaintiff listed "Brown County Ohio" on the first two pages of the amended complaint in the spaces specifically designated for identifying the defendant. (Doc. 10 at 1, 2). Thus, plaintiff clearly named Brown County as the defendant. Brown County concedes that an Ohio county is an independent entity capable of being sued under 42 U.S.C. § 1983, so long as a plausible claim is presented against the county pursuant to *Monell v. Dept. of Soc. Servs. of N.Y.*, 436 U.S. 659 (1978).[2] (Doc. 17 at 3). *See Stack v. Karnes,* 750 F. Supp.2d 892, 897-99 (S.D. Ohio 2010) (a county is a person for purposes of a *Monell* claim under § 1983 and as such is amenable to suit under that provision so long as a plausible *Monell* claim is presented against it). Accordingly, the amended complaint should not be dismissed based on plaintiff's alleged failure to name as a defendant a legal entity amenable to suit.

---

[2] *Monell*, 436 U.S. 659, holds that local governments can be held liable for a constitutional deprivation only when a custom or policy was the moving force behind the deprivation.

The complaint against Brown County should nonetheless be dismissed because plaintiff has not pled a plausible *Monell* claim.  Municipal or county liability attaches only where a custom, policy, or practice attributable to the municipality or county was the "moving force" behind the violation of the plaintiff's constitutional rights.  *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012) (citing *Miller v. Sanilac Cnty.,* 606 F.3d 240, 254-55 (6th Cir. 2010)).  There is no mention of a custom, policy or practice of Brown County in the amended complaint and no allegation that a custom, policy or practice played any part in the constitutional violations alleged.  (Doc. 10).  In response to the motion to dismiss, plaintiff asserts that Brown County should have policies in place to uphold the constitutional rights of inmates at the county jail and that Brown County employees should be properly trained and screened to perform their jobs and uphold federal law.  (Doc. 25).  However, even when read in conjunction with the allegations of the amended complaint and construed liberally in plaintiff's favor, these assertions are much too conclusory to permit the Court to draw the reasonable inference that Brown County is liable for the specific misconduct alleged and to support the imposition of liability against Brown County under *Monell*.  *See Twombly*, 550 U.S. at 556.  For these reasons, plaintiff's claims against defendant Brown County should be dismissed for failure to state a claim to relief under 42 U.S.C. § 1983.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Brown County, Ohio's motion to dismiss the amended complaint (Doc. 24) be **GRANTED** and this case be closed on the docket of the Court.

2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/9/14

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES S. NASH,                                    Case No. 1:13-cv-741
     Plaintiff,                                 Weber, J.
                                                  Litkovitz, M.J.

    vs.

BROWN COUNTY, OHIO,
    Defendant.
                            **NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.   Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.   If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.   A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in

accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X  ☑ Agent  ☐ Addressee <br> B. Received by ( *Printed Name* )   C. Date of Delivery |
| 1. Article Addressed to: <br><br> James S. Nash <br> 455 W. Main St. <br> Apt. 403 <br> Mt. Orab, OH 45154 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:  ☐ No <br><br><br> 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number <br> (*Transfer from service label*) | 7011 3500 0001 5345 6281 |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540