**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| James S. Nash, | ) |
| | ) |
| Plaintiff, | ) Case No.  1:13-cv-741 |
| | ) |
| vs. | ) |
| | ) |
| Brown County, Ohio, | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Defendant Brown County, Ohio's motion to dismiss pursuant to Rule 12(b)(6) (Doc. No. 17), Magistrate Judge Bowman's Report and Recommendation of December 9, 2014 recommending that Defendant's motion be granted (Doc. No. 27), and Plaintiff James S. Nash's objections to the Report and Recommendation (Doc. No. 31). For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation. Defendant's motion to dismiss is well-taken and is **GRANTED**. Plaintiff's amended complaint is **DISMISSED WITH PREJUDICE.**

According to the facts alleged in the amended complaint, in the early morning hours of November 1, 2011, Plaintiff James S. Nash got high on synthetic marijuana provided by his neighbor. Plaintiff had a hallucinatory reaction and caused a ruckus that prompted presumably different neighbors to call the police. Officers from the Georgetown Police Department arrived, tased Plaintiff between seven and ten times and broke his right arm in the course of arresting and handcuffing him. Deputies from the Brown County Sheriff's

Department arrived to assist and tased Plaintiff one more time when he was already in handcuffs. Officers ignored Plaintiff's complaint that he was hurt and took him to the Brown County jail. Corrections officers at the jail ignored Plaintiff's pleas for medical attention for 36 hours.

Plaintiff filed a pro se amended complaint under 42 U.S.C. § 1983 alleging that Brown County, Ohio violated his constitutional rights by denying him medical treatment for his broken arm. Brown County moved to dismiss the amended complaint on the grounds that Plaintiff failed to allege facts demonstrating that the alleged constitutional deprivation occurred as a result of a custom or policy of Brown County. Magistrate Judge Bowman agreed and recommended granting Brown County's motion to dismiss.

In his objections to the Report and Recommendation, Plaintiff concedes that he failed to allege that his constitutional rights were violated as a result of a custom or policy of Brown County. Plaintiff nevertheless argues that the Court should not dismiss his complaint. Plaintiff argues that the Court should not hold him to the same standards as a lawyer and that Brown County should be held accountable for violating his constitutional rights. He contends that Brown County should have a policy of protecting inmates' constitutional rights.

The Court reviews de novo a magistrate judge's report and recommendation on a dispositive issue such as a motion to dismiss. Fed. R. Civ. P. 72(b). A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not

2

accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulaic recitations of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations of the complaint must be sufficient to raise the right to relief above the speculative level. Id. Nevertheless, the complaint is still only required to contain a short, plain statement of the claim indicating that the pleader is entitled to relief. Id. (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. Id. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Mere conclusions, however, are not entitled to the assumption of truth. Id. at 678-89. A claim is facially plausible if it contains content which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678. Plausibility is not the same as probability, but the complaint must plead more than a possibility that the defendant has acted unlawfully. Id. If the complaint pleads conduct which is only consistent with the defendant's liability, it fails to state a plausible claim for relief. Id.

A municipality is liable for constitutional violations committed by its employees only if the deprivation was pursuant to an official custom or policy of the municipality. In other words, § 1983 does not impose respondeat superior liability on municipalities. D'Ambrosio v. Marino, 747 F.3d 378, 386 (6th Cir. 2014). A complaint is subject to dismissal under

3

Rule 12(b)(6), even for pro se plaintiffs, if it does not allege facts showing that the constitutional violation occurred pursuant to an official custom or policy of the municipality. Hanner v. City of Dearborn Heights, 450 Fed. Appx. 440, 445-46 (6th Cir. 2011).

In this case, Plaintiff concedes that his amended complaint does not allege that he was denied medical treatment pursuant to an official custom or policy of Brown County. Magistrate Judge Bowman, therefore, correctly determined that Plaintiff failed to state a claim for relief against Brown County under 42 U.S.C. § 1983. Although Plaintiff contends in his objections that he can prove a constitutional violation, the fact of an underlying violation is immaterial if it was not pursuant to a custom or policy of Brown County. Burgess v. Fischer, 735 F.3d 462, 479 (6th Cir. 2013)("[E]ven assuming there was an underlying constitutional violation, we affirm the dismissal of the Monell claim because Plaintiffs have failed to set forth sufficient facts to establish an unconstitutional custom or policy.").

Finally, as stated above, Plaintiff argues that Brown County should have a policy of protecting inmates' constitutional rights. Construed liberally, this argument could be understood to claim that Brown County has a policy of inadequately training its employees regarding their constitutional obligations to inmates in their custody. This type of claim, however, requires factual allegations of "prior instances of unconstitutional conduct demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." Burgess, 735 F.3d at 478 (internal brackets and quotation marks omitted). Plaintiff includes no such allegations in his amended complaint. Therefore, to the extent that the amended

complaint could be construed to allege a failure-to-train claim, it is also subject to dismissal under Rule 12(b)(6).

In conclusion, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation. Defendant's motion to dismiss is well-taken and is **GRANTED.**  The complaint is **DISMISSED WITH PREJUDICE**.  **THIS CASE IS CLOSED.**

    **IT IS SO ORDERED**

Date February 18, 2015           s/Sandra S. Beckwith
                                         Sandra S. Beckwith
                                    Senior United States District Judge